IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lennell Dyches, | C/A No.: 1:12-2838-SB-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Karen Martin, | |
| Defendant. | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently incarcerated at United States Penitentiary in Atlanta, Georgia. He sues court reporter Karen Martin ("Defendant") pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] for her alleged failure to record portions of two hearings in federal court. [Entry #1 at 1]. This matter comes before the court on Defendant's motion to dismiss, or in the alternative, for summary judgment. [Entry #21]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [Entry #22]. Plaintiff filed a response in opposition to Defendant's motion on May 13, 2013. [Entry #24]. This matter having been fully briefed, it is now ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980).

Because the motion is dispositive, this Report and Recommendation is entered for review by the district judge. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Defendant's motion be granted.

I. Factual Background

Plaintiff alleges that Defendant failed to record significant portions of: (1) his "competency/plea hearing" on December 28, 2006; and (2) sentencing hearing on April 20, 2007. [Entry #1 at 1]. Specifically, Plaintiff claims Defendant "failed to record a significant statement that the judge made in [Plaintiff's] defense at his competency/plea hearing." *Id.* At Plaintiff's sentencing hearing, Defendant allegedly "failed to record any discussion or even mention anything about [Plaintiff's] private evaluation in which the evaluation was the defense in his case . . . deeming him incompetent to stand trial." *Id.* Plaintiff alleges Defendant's incomplete transcript "limited Plaintiff's ability to present an effective appeal." *Id.* at 2. Plaintiff seeks monetary damages for a violation of his constitutional rights. *Id.* at 3.

II. Discussion

A. Standard on Summary Judgment[2]

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of

---
[2] Defendant couches her motion as a motion to dismiss or, in the alternative, for summary judgment. As Defendant has submitted at least one document outside the pleadings, the court construes it as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). *See Logar v. W.V. Univ. Bd. of Governors*, No. 12-1133, 2012 WL 3871757 (4th Cir. Sept. 7, 2012).

demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine dispute for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine dispute of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B. Analysis

1. Official capacity claims

Plaintiff identifies Defendant as a federal court reporter. [Entry #1 at 1]. Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). A suit against Defendant in her official capacity would be tantamount to a suit against the government itself, *Dugan v. Rank*, 372 U.S. 609, 620 (1963), and "the United States has not waived sovereign immunity in suits claiming constitutional torts." *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999).

Defendant asserts that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), because, while styled as individual capacity claims, Plaintiff's allegations against Defendant arise from her "official duties as staff employed by the United States District Court." [Entry #21 at 2–3]. Plaintiff states that Defendant "owes the plaintiff nothing personally, but as an impartial body of the court." [Entry #24 at 2]. Therefore, to the extent, Plaintiff's claims could be construed as suing Defendant in her official capacity, she is entitled to summary judgment.

2. Individual capacity claims

To the extent Plaintiff alleges individual capacity claims against Defendant for her failure to accurately transcribe his hearings and for her failure to respond to his requests for copies of her stenographic notes [Entry #24 at 2], Defendant asserts that none of Plaintiff's constitutional rights have been violated. [Entry #21 at 7]. The requirement of a verbatim record is designed "to safeguard a defendant's right to appellate review." *United States v. Gillis*, 773 F.2d 549, 554 (4th Cir. 1985); *see also Hardy v. United States*, 375 U.S. 277, 279 (1964) (criminal defendant has a right to a meaningful appeal based on a complete transcript). However, Plaintiff "does not have a constitutional right to a totally accurate transcript of his criminal trial." *Tedford v. Hepting*, 990 F.2d 745, 747 (3d Cir. 1993); s*ee also Brown v. New Mexico District Court Clerks*, No. 97-2044, 1998 WL 123064 (10th Cir. March 19, 1998); *Hampton v. Segura*, No. 07-60603, 2008 WL 1902458, at *2 (5th Cir. April 30, 2008). Further, "innocent errors, even if negligent" do not subject court reporters to liability. *See Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) (citing *Daniels v. Williams*, 474 U.S. 327, 330 (1986)). In the present case, Defendant alleges that she "faithfully discharged [her] duties to accurately transcribe the hearing to the best of [her] abilities in accordance with [her] training and the rules of the Court" and that she did not "knowingly, intentionally or deliberately omit, edit, or alter any portion of the hearing in making the transcript of the hearing referenced by the plaintiff." [Entry #21-1 at 1–2]. Plaintiff presents no facts to demonstrate that Defendant intentionally failed to provide a full transcript of his hearings. Independently,

the undersigned has reviewed the transcripts of both the guilty plea and sentencing [Crim No. 8:06-136-JFA, Entry #82, #83] and cannot determine that any portion of the transcript is obviously missing. Plaintiff alleges the transcripts are missing the following:

> On 12/28/06 I appeared before Chief Judge Joseph F. Anderson for my competency hearing. Along with other statements and remarks, Judge Anderson made this statement: Counsel, this man done admitted to all of this now-you done dropped all of the charges this far, I can only charge him with one (1) bank and one (1) gun. Remember counsel, one (1) bank is 0 to 25 years and one (1) gun is 5 to 7 years, but he didn't hurt nobody or held them against their will; now you know I can do what ever I want in this case cause this man is below the guidelines, Counsel, I'm not giving this man all of that old crazy time, this man got very good conduct and I'm gonna give him a chance [prosecutor: yes sir] alright now, you know you can't say anything about my decision. [prosecutor: yes sir].
>
> On 4/20/07, I appeared before Judge Joseph F. Anderson for sentencing. Judge F. Anderson asked my then Defense Attorney Jonathan S. Chaplin what did the private evaluation reveal on the defendant?

[Entry #1-2 at 1].

Plaintiff "must show that the transcript errors specifically prejudiced his ability to perfect an appeal." *United States v. Huggins*, 191 F.3d 532, 537 (4th Cir. 1999); *see also Robinson v. Smyth*, No. 07-3737, 2007 WL 4404020, at *1 (3d Cir. Dec. 18, 2007) ("errors in the transcript could implicate his constitutional rights only if the errors called into question the validity of his appellate review"); *Colyer v. Ryles*, 827 F.2d 315, 316 (8th Cir. 1987) (civil complaint for damages frivolous where plaintiff was not prejudiced by allegedly altered transcript). Plaintiff avers that "he would have had a better outcome on his appeal," if Defendant had produced a complete transcript. [Entry #1 at 2]. Plaintiff further alleges that information regarding his private evaluation, if included in

6

the transcript, could have been "weighed" by the appellate court. [Entry #24 at 5–6]. However, Plaintiff fails to do more than speculate that the alleged missing portions of the transcripts prejudiced his appeal, and he provides no facts to show that Defendant's actions caused him actual prejudice. As such, Plaintiff's allegations are insufficient to state a violation of his constitutional rights by Defendant. *See United States. v. Banks*, 370 F.2d 141, 145 (4th Cir. 1966) (finding speculative claim insufficient to support a finding of actual prejudice); *see also Keith v. Morton*, C/A No. 0:09-1201-RBH, 2010 WL 972567, at *3 (D.S.C. March 10, 2010) (court reporter not liable where Plaintiff failed to show that the missing transcript "would have actually affected the outcome of his appeal") (citing *Smith v. Va. Commonwealth Univ.*, 84 F.3d 672, 687 n.7 (4th Cir. 1996) ("conclusory or speculative assertions do not create genuine issues of material fact.")).

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Defendant's motion to dismiss, or in the alternative, for summary judgment be granted. [Entry #21].

IT IS SO RECOMMENDED.

October 21, 2013  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).