IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
CHARLESTON, SC

2014 MAR 17  A 11: 39

| | |
|---|---|
| Lennell Dyches, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:12-2838-SB |
| v. ) | |
| ) | **ORDER** |
| Karen Martin, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court upon Plaintiff Lennel Dyches' ("the Plaintiff" or "Dyches") pro se complaint filed against court reporter Karen Martin pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971),[1] for her alleged failure to record portions of two hearings in federal court, specifically, portions of his "competency/plea hearing" on December 28, 2006, and portions of his sentencing hearing on April 20, 2007. The Defendant filed a motion to dismiss, or in the alternative, for summary judgment, and Dyches filed a response. Pursuant to Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for review.

On October 21, 2013, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("R&R"), outlining the issues and recommending that the Court grant the Defendant's motion. In the R&R, the Magistrate Judge noted that the Plaintiff needed to show that the alleged transcript errors specifically prejudiced his ability to perfect an appeal, and the Magistrate Judge determined that the Plaintiff's speculative assertions in

---

[1] In <u>Bivens</u>, the Supreme Court established a direct cause of action under the United States Constitution against federal officials for violation of federal constitutional rights. 403 U.S. at 397. A <u>Bivens</u> claim is analogous to a claim under 42 U.S.C. § 1983; federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-20 & n. 30 (1982).

that regard were insufficient to state a violation of his constitutional rights.

Attached the R&R was a notice advising the parties of their right to file written, specific objections to the R&R within fourteen days of receiving a copy. On November 12, 2013, and December 23, 2013, the Plaintiff filed objections to the R&R.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility for making the final determination remains with the Court. Mathews v. Weber, 423 US. 261, 269 (1976). The Court reviews de novo those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II. Motion to Dismiss

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true the facts alleged in the complaint and view them in a light most favorable to the Plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

### III.  Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327. Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson, 477 U.S. at 248.

### DISCUSSION

In the R&R, the Magistrate Judge first determined that the Court lacks jurisdiction

of the Plaintiff's claims against the Defendant in her official capacity because a suit against the Defendant in her official capacity is tantamount to a suit against the government itself, and the government has not waived sovereign immunity in suits claiming constitutional torts. Next, the Magistrate Judge determined that the Plaintiff failed to present any facts to demonstrate that the Defendant intentionally failed to provide a full transcript of the hearings, and that the Plaintiff failed to allege facts to show that the Defendant's alleged failure specifically prejudiced his ability to perfect an appeal. Accordingly, the Magistrate Judge determined that the Plaintiff's allegations were insufficient to state a violation of his constitutional rights.

In his first set of objections, Dyches seems to assert that he is suing the Defendant in her individual capacity and not in her official capacity. In any event, the Court wholly agrees with the Magistrate Judge's determination that a Bivens action cannot lie against the Defendant in her official capacity. The United States cannot be sued without its express consent, and express consent is a prerequisite to suit. United States v. Mitchell, 463 U.S. 206, 212 (1983). As the Fourth Circuit stated in Randall v. United States: "Bivens did not abolish the doctrine of sovereign immunity of the United States. Any remedy under Bivens is against federal officials individually, not the federal government." 95 F.3d 339, 345 (4th Cir. 1996) (citing Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994)).

Next, Dyches objects to the Magistrate Judge's finding that he failed to allege a violation of his constitutional rights. Dyches reiterates his claim that the alleged transcript errors adversely affected the outcome of his case because the Defendant omitted Dyches' "private evaluation," which allegedly deemed him incompetent to stand trial and was his

"only defense." (Entry 30 at 1.) Dyches then alleges a new claim, namely, that the Defendant omitted the portions of the transcript as part of "a conspiracy to defraud Plaintiff's litigation." (Id. at 2.) Dyches states:

> The other conspirators are Judge Joseph F. Anderson Jr., which is why he left his Court in Columbia to preside over Plaintiff's case in Greenville, S.C. to guarantee success, Prosecutor, E. Jean Howard who agreed with the private evaluation so the scheme would not have any obstacles, Defense attorney Joenathan S. Chaplin was the architect of the scheme after taking Plaintiff's case, telling Plaintiff a lucrative settlement and publicity is in Plaintiff's case and then his private psychiatrist went to visit Plaintiff and completed a full private evaluation that Chaplin discussed with Plaintiff stating Plaintiff was incompetent to stand trial.

(Id.) Lastly, Dyches objects to the Magistrate Judge's statement that she reviewed the transcripts of the hearings at issue and found no portion to be obviously missing. In support of his objection, Dyches notes that he provided five notarized affidavits of witnesses who attended the hearings.

Here, as the Magistrate Judge noted, there is no constitutionally protected right to a totally accurate transcript. See Tedford v. Hepting, 990 F.2d 747 (3d Cir. 1993). Nevertheless, "if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding," then the plaintiff's constitutional rights would be violated. Id. at 747. In United States v. Huggins, 191 F.3d 532 (4th Cir. 1999), the defendant appealed his conviction challenging the sufficiency and accuracy of the trial transcript and arguing that a new trial was warranted. The Fourth Circuit Court of Appeals rejected the defendant's argument and held that "whether an omission from a transcript warrants a new trial depends on whether the appellant has demonstrated that the omission 'specifically prejudices his appeal . . . .'" 191 F.3d at 536 (quoting United States v. Gillis, 773 F.2d 549, 554 (4th Cir. 1985)). Therefore, the question here is whether the Plaintiff has alleged

5

deficiencies in his transcripts substantial enough to call into question the validity of his criminal proceedings and the appellate process. After an exhaustive review of the record, including the docket in the related, underlying criminal case, United States v. Dyches, Criminal No. 8:06-136-SB, the Court finds that the Plaintiff has not.

Dyches was arrested on a criminal complaint on January 30, 2006. On February 1, 2006, his motion for a psychiatric examination was granted, and he was evaluated at the Federal Bureau of Prisons in Miami, Florida, where the doctors determined that he was not suffering from a severe mental illness at the time of the offense. A sealed psychiatric report was filed with the Court on April 3, 2006. Ultimately, Dyches was indicted on a 30-count superseding indictment charging him with armed bank robbery of several banks in South Carolina and using and carrying a firearm in relation to the bank robberies. Dyches was found competent and pleaded guilty to certain counts on December 28, 2006. On April 9, 2007, Dyches' attorney filed a motion for a variance from the sentencing guidelines based on the medical conditions of Dyches and his mental illness. At sentencing, the district court judge sentenced Dyches to a sentence within the guideline range. Dyches appealed, arguing that the court should have granted the motion for a variance based on his medical history and mental illness, but the Fourth Circuit Court of Appeals affirmed the conviction and sentence. See United States v. Dyches, 257 F. App'x 694 (4th Cir. 2007) (finding that "Dyches' medical history does not rise to the level required for an exception to the general principle that 'mental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range'").

Following the denial of his direct appeal, Dyches filed a motion pursuant to 28 U.S.C. § 2555, which the district court judge denied. Dyches again appealed, but the

6

Fourth Circuit Court of Appeals affirmed the district court's denial. <u>United States v. Dyches</u>, 333 F. App'x 707 (4th Cir. 2009). Thereafter, Dyches filed a seemingly endless number of motions and appeals, arguing in many of them the same claim that he alleges in the instant action. In addition, in connection with some of his motions, Dyches submitted the same affidavits and declarations of witnesses that Dyches has submitted in this case. Importantly, after considering Dyches' filings, the district court judge denied, each and every time, Dyches' various motions, including those motions based on alleged errors in the transcript. <u>See</u>, <u>e.g.</u>, Entries 135, 149, 162, 185, and 209 in Criminal No. 8:06-136. In addition, each time the district court judge denied one of Dyches' motions, including a motion alleging errors in the transcript, Dyches appealed that denial, but the Fourth Circuit Court of Appeals ultimately denied all of Dyches' appeals. <u>See</u>, <u>e.g.</u>, <u>In re Dyches</u>, 539 F. App'x 292 (4th Cir. 2013) (denying Dyche's petition for a writ of mandamus, wherein Dyches argued that the district court judge was biased against him and had a pecuniary interest in the case); <u>United States v. Dyches</u>, 487 F. App'x 74 (4th Cir. 2012) (denying Dyches' appeal of the district court's order denying his self-styled motion to dismiss his criminal case and motion to withdraw his guilty plea); and <u>United States v. Dyches</u>, 451 F. App'x 287 (4th Cir. 2011) (denying Dyches' self-styled motion to dismiss his criminal case).

Although Dyches asserts in this case that the alleged transcript errors adversely affected the outcome of his criminal case, the record in his criminal case completely belies Dyches' conclusory allegations. Dyches has filed numerous motions as well as numerous appeals raising the same issue that he raises in this action, and he has previously presented the court with the same evidence that he presents now, all to no avail. Because Dyches has had the opportunity (and has taken the opportunity) to raise the instant issue,

but has been unsuccessful, he simply cannot show that he has been prejudiced by any alleged inaccuracies in the transcripts.

Moreover, the Court notes as an additional matter that a prisoner's successful civil rights suit based on violations of his constitutional rights during his criminal proceedings is barred unless the prisoner can demonstrate that his conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Tedford, the court held that a criminal defendant's constitutional rights would be violated by errors in a transcript "only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding." 990 F.2d at 747. Thus, a *successful* claim by Dyches regarding his transcripts would imply the invalidity of his conviction, but because Dyches has not demonstrated that his underlying conviction has been invalidated, his claim against the Defendant is not cognizable pursuant to Heck. See Murphy v. Bloom, 443 F. App'x 668, 669 (3d Cir. 2011) (holding the same in a Bivens case similar to the instant case); see also Tedford, 990 F.2d at 749-50 (concluding that due process claim for damages against court reporters, among others, for allegedly tampering with transcript was not cognizable in a section 1983 action "absent a successful challenge to the underlying conviction").

Accordingly, for the reasons set forth herein, for the reasons set forth the in R&R, and for the reasons set forth in the orders and opinions from the underlying criminal case, the Court finds that Dyches' claim against the Defendant in this action is without merit. Therefore, the Court adopts the R&R (Entry 28); overrules the Plaintiff's objections (Entries 30 and 32); and the Court grants the Defendant's motion for summary judgment (Entry 21).

**AND IT IS SO ORDERED.**

                                                 Sol Blatt, Jr.
                                                 Senior United States District Judge

March _17_, 2014
Charleston, South Carolina

#9